Chester Roach v. The State.

No. 11226.    Delivered December 14, 1927.

**Fishing Without Permission—Allegation and Proof—Variance Fatal.**

Where, on a charge of catching fish in waters on the land of another without his consent, the evidence established that appellant did fish in a pond on the land of another, but did not catch any fish. Under Art. 1377, P. C. 1925, fishing does not constitute an offense, unless fish is caught or taken from the pond, lake or stream. The evidence being insufficient to support the verdict, the judgment must be reversed.

Appeal from the County Court of Palo Pinto County. Tried below before the Hon. E. L. Pitts, Judge.

Appeal from a conviction for fishing without permission on premises of another, penalty a fine of ten dollars.

The opinion states the case.

*P. C. Sanders* of Strawn, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, Presiding Judge.—Appellant was charged with an offense against the game law of the state, punishment fixed at a fine of ten dollars.

The prosecution is under Art. 1377, P. C., 1925, which declares in substance that one entering upon the "inclosed land of another without the consent of the owner * * * and therein hunt with firearms or therein catch or take any fish from any pond, lake, tank or stream, or in any other manner depredate upon the same, shall be fined," etc. The information charges that appellant went upon the inclosed land of the owner and "did then and there depredate upon said property and did then and there fish in the No. 3 mine tank." The evidence shows that the appellant went upon the premises and fished with a pole and line, but it fails to show that he caught any fish. It is manifest that the only depredation relied upon is that of fishing. It is believed that under the statute fishing does not constitute an offense unless fish be caught or taken from the pond, lake or stream.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*